IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MILAUDI KARBOAU,

        Plaintiff,

   v.

JAMES LAWRENCE, DEBORAH
BURDZIK, PAT CALLAHAN,
and ROBERT W. REDDING,

        Defendants.

CV 03-82-BR

OPINION AND ORDER

   **MILAUDI KARBOAU**
   SID #12229417
   Eastern Oregon Correctional
   Institution
   2500 Westgate
   Pendleton, OR  97801

       Plaintiff *Pro Se*

   **DAVID A. LANDRUM**
   Deputy City Attorney
   Office of City Attorney
   1221 S.W. Fourth Ave., Room 430
   Portland, OR  97204

       Attorneys for Defendant James Lawrence

1 - OPINION AND ORDER -

**BROWN, Judge.**

Plaintiff, an inmate at the Eastern Oregon Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the Court is Defendant James Lawrence's FRCP 41(b) Motion to Dismiss Plaintiff's Amended Complaint (#47). For the reasons that follow, the Court **DENIES** the Motion.

## BACKGROUND

Petitioner filed this action on January 21, 2003. After substantial delays in obtaining a proper application to proceed *in forma pauperis*, on October 1, 2003, the Court issued an Order dismissing Plaintiff's Complaint in part. The Court dismissed Plaintiff's claims against all Defendants <u>except</u> Defendant Lawrence. Due to Plaintiff's *pro se* status, the Court advised Plaintiff of the deficiencies of his claims against the remaining Defendants and granted Plaintiff leave to file an amended complaint curing those deficiencies.

After a series of extensions, Plaintiff filed his First Amended Complaint on February 26, 2004. On March 23, 2004, the Court dismissed Plaintiff's claims against the other Defendants with prejudice, and ordered the action to proceed solely against Defendant Lawrence. The Clerk of the Court was directed to send Plaintiff a Summons and U.S. Marshal Instruction Form. Plaintiff

2 - OPINION AND ORDER -

was instructed to complete and to return these documents for service of process upon Defendant Lawrence. On April 21, 2004, the Clerk of the Court re-sent the Summons and Instruction Form.

On August 26, 2004, this Court issued an Order giving Plaintiff 30 days either to complete and return the Summons and Instruction Form or to show cause why the action should not be dismissed for want of prosecution. Although Plaintiff returned the forms, he completed them incorrectly and named additional parties as Defendants and provided for inadequate time for response. The Clerk again returned the forms to Plaintiff for correction, but he failed to comply with the Court's directions.[1]

On April 25, 2005, the Court issued another Order giving Plaintiff 30 days to complete the forms correctly and to return them to the Clerk of the Court. Plaintiff did so, and, on June 21, 2005, the U.S. Marshal filed a Return of Service indicating personal service of the Summons and Complaint on Defendant Lawrence that date.

---

[1] Unfortunately, when a *pro se* party returns completed Summonses and U.S. Marshal Instruction Forms to the Clerk of the Court for transmittal to the U.S. Marshal's Office, the date and the fact that these forms are received is not entered in the Court's docket. Moreover, correspondence between the Clerk's office and the party concerning deficiencies in such forms also is not necessarily entered in the record. As such, it is difficult to ascertain whether Plaintiff timely complied with the Court's Orders or whether the forms were returned after the time limit set in the Orders.

3 - OPINION AND ORDER -

Defendant Lawrence now moves to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the Court's Orders and for failure to serve Defendant Lawrence with a Summons and Complaint for more than one year after the statute of limitations applicable to Plaintiff's claims had expired.

## DISCUSSION

The time limit for service of process is set forth in Fed. R. Civ. P. 4(m), which provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant <u>or direct that service be effected within a specified time</u>; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Emphasis added.

Before 1993, an extension of the 120-day period was possible only upon a showing of "good cause." *See, e.g., Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). Following the 1993 amendments, however, "courts have been accorded discretion to enlarge the 120-day period 'even if there is not good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (quoting Advisory Committee's Notes on Fed. R. Civ. P. 4); *see also U.S. v. 2,164 Watches, More or Less Bearing a Trademark of* Guess?, 366 F.3d 767,

4 - OPINION AND ORDER -

772 (9th Cir. 2004) (even without a showing of good cause, a district court may utilize its "broad" discretion to extend the time for service); *Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) holding that Rule 4(m) authorizes the court to extend time for service absent a showing of good cause); *Espinoza v. United States*, 52 F.3d 838, 840-1 (10th Cir. 1995) (same). Moreover, a district court may extend the time for service retroactively after the 120-day service period has expired. *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

As noted, Defendant Lawrence was served with the Summons and Complaint well after the 120-day period expired. Nonetheless, by its Orders of August 26, 2004, and April 25, 2005, this Court explicitly extended the time for service. Although Plaintiff encountered difficulties in completing the forms correctly, he nevertheless attempted to do so on more than one occasion, and, finally did, succeed. Accordingly, the Court DENIES Defendant Lawrence's motion to dismiss on the basis that Plaintiff failed to comply with Rule 4(m).

Under Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of [the] court." To determine whether to dismiss a case for lack of prosecution, a court is required to weigh five factors:

5 - OPINION AND ORDER -

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Southwest Marine, Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000), (citing *Moneymaker v. CoBen*, 31 F.3d 1447, 1451 (9th Cir. 1994)), *cert. denied*, 532 U.S. 1007 (2001). Although the first two factors favor the imposition of sanctions in most cases, the fourth factor cuts against default or dismissal. Thus, "the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). A party's failure to prosecute diligently creates a rebuttable presumption of prejudice, which the party may overcome. *Moneymaker*, 31 F.3d at 1452-53. Upon a showing of a non-frivolous excuse for delay by the plaintiff, the burden of production shifts to the defendant to show at least some actual prejudice. *Hernandez v. City of El Monte*, 138 F.3d 393, 400-401 (9th Cir. 1998).

    In this case, Defendant argues Plaintiff fails to demonstrate any reason or cause, whether good or frivolous, for the delay in serving the Summons and Complaint or complying with this Court's Orders. As noted, however, much of the delay in this case was not directly related to service issues, but, instead, occurred as Plaintiff's frivolous claims against other Defendants were resolved without the necessity of service of process. Moreover,

6 - OPINION AND ORDER -

Plaintiff attempted more than once to complete and to return the Summons and U.S. Marshal Instruction form, and the Court implicitly accommodated these attempts by granting Plaintiff the time necessary to accomplish service.

Under all of these circumstances the Court concludes Plaintiff provided a non-frivolous excuse for the delay. As such, the burden shifts to Defendant Lawrence to show at least some actual prejudice, which he has not shown. The Court appreciates Defendant Lawrence's understandable frustration with the unusually significant delays in this case. Nonetheless, there is not any basis in the record to suggest Defendant Lawrence has suffered any prejudice from the delay. Accordingly, the Court declines to dismiss Plaintiff's Amended Complaint pursuant to Rule 41(a).

## CONCLUSION

For these reasons, the Court **DENIES** Defendant James Lawrence's Motion to Dismiss (#47).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7 - OPINION AND ORDER -

**IT IS FURTHER ORDERED** that the parties shall have 90 days from the date of this Order to complete discovery and either to file additional dispositive pretrial motions or to notify the Court in writing if they do not intend to file further motions.

IT IS SO ORDERED.

DATED this __30th__ day of March, 2006.

          __/s/ Anna J. Brown__
          ANNA J. BROWN
          United States District Judge

8 - OPINION AND ORDER -