**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**


**MILAUDI KARBOAU,**                                    **03-CV-82-BR**

       **Plaintiff,**

                                       **OPINION AND ORDER**

**v.**

**JAMES LAWRENCE,**

       **Defendant.**


**MILAUDI KARBOAU**
ID# 12229417
Snake River Correctional Institution
777 Stanton Blvd
Ontario, OR 97914

       Plaintiff, *Pro Se*

**LINDA MENG**
City Attorney
**DAVID A. LANDRUM**
Deputy City Attorney
Office of City Attorney
1221 S.W. Fourth Ave., Room 430
Portland, OR 97204
(503) 823-4047

       Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant James Lawrence's Motion for Summary Judgment (#63) and Plaintiff Milaudi Karboau's Motion to Strike-Out Defendant's Motion for Summary Judgment (#71). After reviewing Plaintiff's Motion, the Court construes it as Plaintiff's Response to Defendant's Motion.

For the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## BACKGROUND

This summary of undisputed facts is taken from Defendant's Concise Statement of Material Facts in Support of Defendant's Motion for Summary Judgment, the exhibits submitted in support of Defendant's Motion for Summary Judgment, and Plaintiff's materials submitted in response to Defendant's Motion. The Court notes any facts stated by Defendant in his Concise Statement that were not denied or controverted by Plaintiff are deemed admitted for purposes of Defendant's Motion pursuant to Local Rule 56.1(f).

On February 4, 2002, Defendant Portland Police Officer James Lawrence arrested Plaintiff as the result of an investigation. Later that day, Officer Lawrence searched Plaintiff's home and recovered and seized certain items of evidence. Officer Lawrence contends he received consent to search the house from Plaintiff's

2 - OPINION AND ORDER

wife, Asofitu Karboau.

Officer Lawrence left some items that were seized in the search at Plaintiff's home to be picked up later. On February 6, 2002, Officer Lawrence returned to Plaintiff's residence to get the items he left behind. At that time Asofitu Karboau signed a Search by Consent form.

On December 9, 2002, the state court denied Plaintiff's motions to suppress evidence seized in the searches of his residence on the ground that, among other things, Asofitu Karboau consented to the searches.

On December 12, 2002, Plaintiff was convicted in state court of six counts of Theft in the First Degree by Receiving, one count of Theft in the Third Degree, one count of Attempted Theft in the First Degree, one count of Identity Theft, two counts of Aggravated Theft in the First Degree, and four counts of Theft in the First Degree. On December 29, 2004, the Oregon Court of Appeals affirmed Plaintiff's conviction without opinion. On January 10, 2006, the Oregon Supreme Court denied review.

On January 1, 2003, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 in which he alleged (1) Officer Lawrence illegally searched his residence on two occasions; (2) Officer Lawrence arrested him without probable cause; and (3) Deborah Burdzik, Plaintiff's court-appointed attorney, conspired with Assistant District Attorney (ADA) Pat

Callahan and the Honorable Robert W. Redding to violate his rights in connection with a court hearing.  On October 1, 2003, the Court dismissed Plaintiff's claims against Defendants Burdzik, ADA Callahan, and Judge Redding and gave Plaintiff leave to file an amended complaint.

On February 26, 2004, Plaintiff filed a First Amended Complaint in which he again alleged generally that (1) Officer Lawrence illegally searched his residence on two occasions; (2) Officer Lawrence arrested him without probable cause; and (3) Burdzik conspired with ADA Callahan and Judge Redding to violate his rights.  On March 23, 2004, the Court again dismissed with prejudice Plaintiff's claims against Defendants Burdzik, ADA Callahan, and Judge Redding.

On August 7, 2006, Officer Lawrence filed a Motion for Summary Judgment.  On November 1, 2006, Plaintiff filed a Motion to Strike-Out Defendant's Motion for Summary Judgment, which, as noted, the Court construes as a Response to Defendant's Motion for Summary Judgment.

## **STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  The moving party must show the absence of an issue of material fact.  *Leisek*

4 - OPINION AND ORDER

*v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).  In
response to a properly supported motion for summary judgment, the
nonmoving party must go beyond the pleadings and show there is a
genuine issue of material fact for trial.  *Id.*

An issue of fact is genuine "'if the evidence is such that a
reasonable jury could return a verdict for the nonmoving party.'"
*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th
Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
248 (1986)).  The court must draw all reasonable inferences in
favor of the nonmoving party.  *Id.*  "Summary judgment cannot be
granted where contrary inferences may be drawn from the evidence
as to material issues." *Easter v. Am. W. Fin.* 381 F.3d 948 (9th
Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters
Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact,
however, does not preclude summary judgment.  *Jackson v. Bank of
Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving
party's claims are factually implausible, that party must come
forward with more persuasive evidence than otherwise would be
required.  *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147
(9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense
determines whether a fact is material.  *Addisu v. Fred Meyer,
Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  If the resolution of

a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).


**<u>DISCUSSION</u>**

Officer Lawrence moves for summary judgment on the grounds that (1) Plaintiff does not have standing to bring any claims on behalf of his wife; (2) Plaintiff's claims for false arrest, false imprisonment, unreasonable search and seizure, and arrest without probable cause are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) Plaintiff did not plead or prove facts supporting his excessive-force claim; and (4) Plaintiff has not established a claim for conspiracy pursuant to § 1985(3).

**I.  Plaintiff Lacks Standing to Bring Any Claims on Behalf of His Wife.**

To the extent Plaintiff seeks to bring any claims on behalf of his wife, Asofitu Karboau, Plaintiff does not have standing as a *pro se* litigant to bring such a claim because Asofitu Karboau is not a party in this action and because Plaintiff is not an attorney. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him.  He has no authority to appear as an attorney for others than himself.").

Accordingly, the Court grants Officer Lawrence's Motion for Summary Judgment to the extent Plaintiff seeks to bring claims on behalf of Asofitu Karboau.

## II.  *Heck* Bars Plaintiff's Claims for False Arrest, Unreasonable Search and Seizure, and Arrest without Probable Cause.

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481.  Thus, Plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court.  *Id*. at 486-87.

### A.  Plaintiff's Claim for False Arrest

Plaintiff contends he was falsely arrested and seeks damages pursuant to § 1983.  "*Heck* . . . generally bars a claim for false arrest under § 1983 if success in the false arrest suit would be inconsistent with an underlying conviction."  *Hart v. Parks*, 450 F.3d 1059, 1065 n.5 (9th Cir. 2006).

Under Oregon law, "the tort [of false arrest] has four elements:  (1) defendant must confine plaintiff; (2) defendant must intend the act that causes the confinement; (3) plaintiff must be aware of the confinement; and (4) the confinement must be

7 - OPINION AND ORDER

unlawful." *Hiber Creditors Collection Serv., Inc.*, 154 Or. App. 408, 413 (1998)(citing *Lukas v. J.C. Penney Co.*, 233 Or. 345, 353 (1963), and *Walker v. City of Portland*, 71 Or. App. 693, 697 (1985)).

Here the Oregon courts have not reversed, expunged, or questioned Plaintiff's conviction.  In fact, the Oregon Court of Appeals affirmed Plaintiff's conviction.  The Court, therefore, concludes Plaintiff's claim under § 1983 for false arrest is barred under the principles of *Heck*.

Accordingly, the Court grants Officer Lawrence's Motion for Summary Judgment as to this claim.

**B.    Plaintiff's Claim for Unreasonable Search and Seizure**

Plaintiff contends Officer Lawrence searched his residence and seized his property in violation of his rights under the Fourth Amendment to the United States Constitution. Officer Lawrence contends Plaintiff's claim is barred by *Heck* and Plaintiff also is collaterally estopped from bringing this claim.

In *Heck*, the Supreme Court concluded a successful § 1983 action for an unreasonable search "would not *necessarily* imply that the plaintiff's conviction was unlawful" because of doctrines like independent source, inevitable discovery, and harmless error.  512 U.S. at 487 n.7 (emphasis in original).  The Court also concluded, however, to bring an action for damages for an unreasonable search prior to the invalidation of his

conviction, a plaintiff must allege some "actual, compensable injury . . . which . . . does not encompass the 'injury' of being convicted and imprisoned." *Id.*

In *Harvey v. Waldron*, the Ninth Circuit examined the Supreme Court's note in *Heck* regarding unreasonable searches and held:

> [A] § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned. Such a holding will avoid the potential for inconsistent determinations on the legality of a search and seizure in the civil and criminal cases and will therefore fulfill the Heck Court's objectives of preserving consistency and finality, and preventing "a collateral attack on [a] conviction through the vehicle of a civil suit."

210 F.3d 1008, 1015 (9ᵗʰ Cir. 2000)(quoting *Heck*, 512 U.S. at 484-85).

As noted, Plaintiff's conviction has not been overturned. In addition, a determination as to the legality of the searches and seizures at issue would implicate the validity of Plaintiff's conviction. The Court, therefore, concludes Plaintiff's claims for unreasonable search and seizure are barred under *Heck* and *Harvey*.

Even if Plaintiff's claims were not barred under *Heck* and *Harvey*, they, nevertheless, would be barred by issue preclusion. In his underlying criminal case, Plaintiff argued in his motions to suppress that Officer Lawrence searched

9 - OPINION AND ORDER

Plaintiff's residence and seized his property in violation of his rights under the Fourth Amendment.  As noted, however, the state court denied Plaintiff's motion on the grounds that consent to search was freely given by Plaintiff's wife, and, therefore, the searches and seizures were not conducted in violation of Plaintiff's Fourth Amendment rights.

On this record, the Court concludes the state court's determination regarding the searches and seizures bars Plaintiff's unreasonable search and seizure claims.  *See Shapley v. Nevada Bd. of State Prison Comm'r*, 766 F.2d 404, 408 (9th Cir. 1984)(with respect to issue preclusion, after "an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action.")(citation omitted).

Accordingly, the Court grants Officer Lawrence's Motion for Summary Judgment as to these claims.

## C.  **Plaintiff's Claim for Arrest Without Probable Cause**

To the extent Plaintiff seeks to bring a claim under § 1983 for arrest without probable cause, the Ninth Circuit has established *Heck* prohibits such a claim.  In *Smithart v. Towery*, the Ninth Circuit held:

> There is no question that *Heck* bars [the plaintiff's § 1983] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him.  [The plaintiff] may challenge the validity of his arrest, prosecution and

> conviction only by writ of habeas corpus.
> To the extent that [the plaintiff] seeks to
> invalidate his . . . conviction, whether
> expressly or by implication, we affirm the
> district court's dismissal.  If [the
> plaintiff] wishes to challenge his arrest,
> prosecution or conviction, he should file a
> writ of habeas corpus.

79 F.3d 951, 952 (9th Cir. 1996).

As in *Smithart*, Plaintiff here may not challenge the validity of his arrest either expressly or impliedly through a § 1983 action.  Plaintiff may only challenge the validity of his arrest and subsequent conviction through a writ of habeas corpus.

Accordingly, the Court grants Officer Lawrence's Motion for Summary Judgment as to this claim.

## III. Plaintiff Has Not Adequately Pled or Established Facts to Support His Excessive-Force Claim.

The Ninth Circuit has summarized the law regarding excessive force claims as follows:

> The Fourth Amendment prohibition against
> unreasonable seizures permits law enforcement
> officers to use only such force to effect an
> arrest as is "objectively reasonable" under the
> circumstances.  As we have repeatedly said,
> whether the force used to effect an arrest is
> reasonable "is ordinarily a question of fact for
> the jury."
>
> * * *
>
> According to *Graham* [*v. Connor*, 490 U.S. 386
> (1989)], "[d]etermining whether the force used to
> effect a particular seizure is 'reasonable' under
> the Fourth Amendment requires a *careful balancing
> of 'the nature and quality of the intrusion* on the
> individual's Fourth Amendment interests' *against
> the countervailing governmental interests at*

11 - OPINION AND ORDER

> *stake*."  Assessing "the nature and quality" of a
> given "intrusion" requires the fact finder to
> evaluate "the type and amount of force inflicted."
> Weighing the governmental interests involved
> requires the fact finder to evaluate such factors
> as "(1) the severity of the crime at issue,
> (2) whether the suspect pose[d] an immediate
> threat to the safety of the officers or others, .
> . . (3) whether he [was] actively resisting arrest
> or attempting to evade arrest by flight," and any
> other "exigent circumstances [that] existed at the
> time of the arrest."  As we have previously
> explained, "the essence of the *Graham* objective
> reasonableness analysis" is that "'[t]he *force*
> which was applied must be balanced against the
> *need* for that force:  it is *the need for force*
> which is at the *heart* of the *Graham* factors.'"
> Thus, where there is no need for force, *any* force
> used is constitutionally unreasonable.

*Headwaters Forest Defense v. County of Humboldt*, 211 F.3d 1121,

1133 (9th Cir. 2000)(citations omitted; emphasis and brackets

added by *Headwaters* court).

Although excessive-force cases can be decided as a matter of

law, they rarely are because the Fourth Amendment test for

reasonableness is inherently fact-specific.  It is a test that

escapes "mechanical application"; "requires careful attention to

the facts and circumstances of each particular case"; and,

therefore, naturally favors jury resolution.  *Id.* at 1133.  Thus,

summary judgment rarely is granted on claims of excessive force.

Plaintiff alleges Officer Lawrence "used excessive force

. . . to terrify & search the plaintiff's house."  To support his

excessive-force claim, Plaintiff contends "Defendant . . . hand

cuffed [*sic*] plaintiff and put him bakd [*sic*] in the holding tank

12 - OPINION AND ORDER

till [*sic*] 10:15 pm."  In his Response to Officer Lawrence's Motion for Summary Judgment, Plaintiff alleges "defendant then twisted forced [*sic*] the plaintiff's arms and hand-cuffed him and put him in a police car."  Plaintiff does not allege or establish he suffered any physical harm as a result of the handcuffing nor does he allege he was in handcuffs for longer than it took Officer Lawrence to arrest him and to transport him to a holding facility.

The Ninth Circuit has held handcuffing alone does not constitute excessive force.  *Corrigan v. Dale*, No. 04-36002, 2006 WL 83342, at *1 (9th Cir. Jan. 9, 2006)(plaintiff's claim that the defendants used excessive force "fails because handcuffing is constitutionally permissible even if the underlying crime is minor and even if the procedure is 'inconvenient and embarrassing.'")(quoting *Atwater v. City of Lago Vista*, 532 U.S. 318, 354-55 (2001)).

Based on this record, the Court concludes Plaintiff has not alleged or established facts sufficient to support a claim for excessive force.  Accordingly, the Court  grants Officer Lawrence's Motion for Summary Judgment as to this claim.

**IV.  Plaintiff Has Not Adequately Pled or Established His Claim for Conspiracy under 42 U.S.C. § 1985(3).**

42 U.S.C. § 1985(3) prohibits conspiracies to deprive a person or a class of people of equal protection of the laws or of equal privileges and immunities under the laws.

13 - OPINION AND ORDER

> To bring a cause of action successfully under
> § 1985(3), a plaintiff must allege and prove
> four elements:  (1) a conspiracy; (2) for the
> purpose of depriving, either directly or
> indirectly, any person or class of persons of
> the equal protection of the laws, or of equal
> privileges and immunities under the laws; and
> (3) an act in furtherance of this conspiracy;
> (4) whereby a person is either injured in his
> person or property or deprived of any right
> or privilege of a citizen of the United
> States.  *United Brotherhood of Carpenters and
> Joiners of America v. Scott,* 463 U.S. 825,
> 828-29 (1983).  Further, the second of these
> four elements requires that in addition to
> identifying a legally protected right, a
> plaintiff must demonstrate a deprivation of
> that right motivated by 'some racial, or
> perhaps otherwise class-based, invidiously
> discriminatory animus behind the
> conspirators' action.'  *Griffith v.
> Breckenridge*, 403 U.S. 88, 102(1971).

*Sever v. Alaska Pulp Corp*., 978 F.2d 1529, 1536 (9th Cir. 1992).

Plaintiff can state a claim under § 1985(3) only if he is a member of a class to which the protections of that statute apply. Section 1985(3) "extends beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." *Id*. at 1536.  Plaintiff has not alleged or established Officer Lawrence acted with "invidiously discriminatory animus" based on Plaintiff's race or other protected status.

Accordingly, the Court grants Officer Lawrence's Motion for Summary Judgment as to Plaintiff's conspiracy claim.

14 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (#63).

IT IS SO ORDERED.

DATED this 8th day of January, 2007.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge